IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMA BUTNER, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | NO. C12-3715 TEH<br><br><u>ORDER GRANTING DEFENDANT'S MOTION TO STAY</u> |

This matter comes before the Court on Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s motion to stay proceedings pending transfer to Multidistrict Litigation ("MDL") No. 2385, *In re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, which has been assigned to Chief Judge David Herndon in the Southern District of Illinois.[1] Plaintiffs filed a motion to remand, but this Court vacated the briefing and hearing schedule on that motion pending consideration of Defendant's motion to stay. With good cause appearing, the Court now GRANTS Defendant's motion to stay for the reasons discussed below.

This Court has the inherent power to control its own docket, including the power to stay proceedings in the interests of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When considering whether to grant a stay pending a possible transfer by the JPML, courts consider: "(1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *In re Apple iPhone Application Litig.*, Case No. 10-CV-

---

[1] This case was conditionally transferred to MDL No. 2385 on August 8, 2012. On August 15, 2012, the Chairman of the Judicial Panel on Multidistrict Litigation ("JPML") notified this Court that Plaintiffs filed a notice of opposition to the conditional transfer, and that the JPML would consider the matter at its bimonthly hearing session after the parties had an opportunity for full briefing.

05878-LHK, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011). These factors weigh in favor of a stay in this case. First, while Defendants have not identified any cases in this particular MDL involving the fraudulent joinder or misjoinder issues raised in Plaintiffs' remand motion,[2] this is a newly created MDL, and, in the Court's experience, these issues are likely not unique to this case. For example, fraudulent joinder, including that of Defendant McKesson, has been raised repeatedly in prior MDL proceedings. *E.g., Johnson v. Merck & Co., Inc.*, Case No. C07-0067 WHA, 2007 WL 754882, at *2 (N.D. Cal. Mar. 8, 2007) (noting, in Vioxx products liability case, that "a number of the actions from California have faced the same issue raised here by plaintiff: whether the distributor defendants [including McKesson] were fraudulently joined to defeat diversity"); *but see Marble v. Organon USA, Inc.*, No. C12-2213 WHA, 2012 WL 2237271, at *1-3 (N.D. Cal. June 15, 2012) (denying motion to stay in NuvaRing products liability case in part because, during the four years in which the MDL proceeding was pending, fraudulent joinder of an alleged distributor, including McKesson, was not raised in any of the over 900 cases filed nationwide). Having individual courts decide an issue likely to be raised in multiple proceedings would be an inefficient use of judicial resources, as well as risking inconsistent results.

Plaintiffs have also failed to persuade the Court that the delay that would result from a stay outweighs the considerations of judicial economy discussed above or the potential hardship to Defendant that would result from failing to stay the case. Nothing in the record indicates that the JPML will unduly delay hearing Plaintiffs' opposition to the conditional transfer order, and, if this case is transferred, Judge Herndon has already expressed his view that the MDL proceedings "must move expeditiously." Ex. B to Def.'s Statement of Recent Decision at 8. The Court therefore does not find that any substantial prejudice would result from a stay. On the other hand, Defendant would be prejudiced if this Court were to decide Plaintiffs' motion to remand before the JPML determines whether to transfer this case to the

---

[2] Defendant contends that federal jurisdiction is proper because Plaintiffs fraudulently joined California Defendants Boehringer Ingelheim Fremont, Inc., and McKesson Corporation. Notice of Removal at 7-9. Defendant alternatively argues that Plaintiffs fraudulently misjoined plaintiffs from different states in an improper attempt to defeat diversity jurisdiction. *Id.* at 9-10.

2

1  MDL proceedings.  If the Court were to deny the motion to remand, the MDL court might
2  nonetheless revisit the issue upon transfer, thus forcing Defendant to relitigate the issue; if
3  the Court were to grant the motion, and the MDL court ultimately decided in other similar
4  cases that removal was proper, Defendant would be prejudiced by having to litigate this case
5  in state court instead of before the MDL court.  *Leeson v. Merck & Co., Inc.*, No. CIV.
6  S-05-2240 WBS PAN, 2006 WL 3230047, at *4 (E.D. Cal. Jan. 27, 2006).

   In light of all of the above, the Court finds good cause to GRANT Defendant's motion to stay.  If the JPML does not transfer this case to the MDL court, then Plaintiffs may renew their motion to remand before this Court at that time.

**IT IS SO ORDERED.**

Dated:   09/06/12

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT