dfsUNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

---

**This Document Relates to:**

THELMA BUTNER, CLIFTON
FITZSIMMONS, JOHN WILCHINSKI,
GEORGE FLETCHER, and PAULINE
ALDRIDGE,

      Plaintiffs,

                           Case No. 3:12-cv-60092-DRH-SCW

   vs.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,
BOEHRINGER INGELHEIM PHARMA GmbH & CO.
KG, BOEHRINGER INGELHEIM
INTERNATIONAL GmbH,
BIDACHEM S.P.A., and DOES 1-100

      Defendants.

**Herndon, Chief Judge:**

This matter is before the Court for case management. In its notice of removal, BIPI states the citizenship of each of the plaintiffs and of each of the defendants. Upon further review, a potential issue with regard to the alleged citizenship of the plaintiffs is apparent. The Court notes that BIPI's statements with regard to the citizenship of each plaintiff are based on the plaintiffs'

1

complaint. The plaintiffs' complaint, however, simply states that each plaintiff is a "natural person currently residing in [California, Tennessee, or Louisiana]" (Doc. 1-1 ¶¶ 11-19).

As to diversity of citizenship, it is well-established that allegations of residency may or may not demonstrate citizenship, as citizenship depends on domicile. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Thus, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The plaintiffs' complaint does not contain adequate allegations with regard to each plaintiff's citizenship.[1] Therefore, the allegations as to the citizenship of the plaintiffs in the Notice of Removal (which are based on the plaintiffs' complaint) do not adequately allege citizenship.

The Court has an independent obligation to ensure that subject matter jurisdiction exists. *DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 740 (7th Cir. 2009). Accordingly, the plaintiffs are **DIRECTED** to file a short brief addressing the citizenship of each plaintiff on or before **August 9, 2013**. Upon receiving the plaintiffs' brief, the Court will reevaluate subject matter jurisdiction and

---

[1] The plaintiffs' complaint and the notice of removal provide sufficient information with regard to the citizenship of the defendants.

2

determine whether to proceed with issuing a decision on the pending motion to dismiss (Doc. 17).

    **SO ORDERED:**

Digitally signed by David R. Herndon
Date: 2013.08.02 13:46:05 -05'00'

**Chief Judge**                                                      **Date:  August 2, 2013**
**United States District Court**