UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

IN RE PRADAXA ) MDL No. 2385
(DABIGATRAN ETEXILATE) ) 3:12-md-02385-DRH-SCW
PRODUCTS LIABILITY ) Judge David R. Herndon
LITIGATION )
_____

**This Document Relates to:**

THELMA BUTNER, CLIFTON
FITZSIMMONS, JOHN WILCHINSKI,
GEORGE FLETCHER, and PAULINE
ALDRIDGE,

    Plaintiffs,

                                    Case No. 3:12-cv-60092-DRH-SCW

    vs.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,
BOEHRINGER INGELHEIM PHARMA GmbH & CO.
KG, BOEHRINGER INGELHEIM
INTERNATIONAL GmbH,
BIDACHEM S.P.A., and DOES 1-100

    Defendants.

### ORDER REGARDING SUPPLEMENTAL BRIEFING

**Herndon, Chief Judge:**

    This matter is before the Court for case management. On August 2, 2013, the Court entered an order directing the plaintiffs to file supplemental briefing addressing the *citizenship* of each of the plaintiffs (the plaintiffs' complaint only includes allegations as to *residency*). In the Court's August 2nd order, the Court

1

explained that allegations of *residency* may or may not demonstrate *citizenship*, as citizenship depends on domicile. The Court further explained that an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. After providing the above explanations, the Court directed the plaintiffs to submit a short memorandum addressing the *citizenship* of the plaintiffs.

The plaintiffs filed their memorandum today. Unfortunately, the plaintiffs' memorandum does not comply with the Court's directive to clarify each plaintiff's state of *citizenship*. The plaintiffs' memorandum states that the plaintiffs were residents of California, Tennessee, and Louisiana at the time of ingestion. They also provide information regarding the states where Pradaxa was prescribed, where the plaintiffs were treated, and where the plaintiffs were diagnosed. While such information is beneficial in a choice of law analysis, it does not adequately address the issue of *citizenship*.

As the Court previously informed the plaintiffs, as to diversity of citizenship, it is well-established that allegations of residency may or may not demonstrate citizenship of an individual, as citizenship depends on domicile. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v.*

*Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). By way of example, a person could reside in one state for the purpose of work or attending college, but be the citizen of another state because she maintains her permanent place of abode in the other state as evidenced by the fact that she owns real estate, pays taxes, maintains her voting rights and more importantly has the intent to return and permanently reside in the state of her citizenship. Comparatively, the state of her residence is a temporary place to live occasioned by the necessity of her job or her desire to obtain an advanced education. *See generally Steigleder v. McQuesten*, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986 (1905), *Meyerson v. Harrah's East Chicago Casino* 299 F.3d 616 (7th Cir. 2002).

The plaintiffs' supplemental briefing provides information with regard to each plaintiff's state of residency. For the reasons discussed above, such allegations are insufficient. The allegations regarding where each plaintiff was prescribed Pradaxa, where each plaintiff was injured, and where each plaintiff was treated also do not establish citizenship.

Accordingly, the plaintiffs are **DIRECTED,** for a second time**,** to file a supplemental brief that adequately addresses the *citizenship* of each plaintiff. <u>As a reminder, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it</u>. The supplemental briefing shall be filed on or before **August 14, 2013**. Upon receiving the plaintiffs' brief, the Court will reevaluate subject matter jurisdiction

3

and determine whether to proceed with issuing a decision on the pending motion to dismiss (Doc. 17).

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2013.08.09
16:26:18 -05'00'

**Chief Judge**                                        **Date: August 9, 2013**
**United States District Court**