UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

―――――――――――――――――――――――――

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

―――――――――――――――――――――――――

**This Document Relates to:**

THELMA BUTNER, CLIFTON
FITZSIMMONS, JOHN WILCHINSKI,
GEORGE FLETCHER, and PAULINE
ALDRIDGE,

      Plaintiffs,

                                      Case No. 3:12-cv-60092-DRH-SCW

      vs.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,
BOEHRINGER INGELHEIM PHARMA GmbH & CO.
KG, BOEHRINGER INGELHEIM
INTERNATIONAL GmbH,
BIDACHEM S.P.A., and DOES 1-100

      Defendants.

**ORDER**

**HERNDON, Chief Judge:**

## I. INTRODUCTION

Presently before the Court is Boehringer Ingelheim Pharmaceuticals, Inc's ("BIPI") motion to dismiss and motion to strike pursuant to Federal Rule of Civil

Procedure 12(b) and (f) (Doc. 17). On March 28, 2013, the plaintiffs filed their initial response to BIPI's motion to dismiss (Doc. 34). Shortly thereafter, the plaintiffs sought leave to file an amended responsive pleading (Doc. 35). The plaintiffs stated that the initial responsive pleading was an "older working draft" that was inadvertently filed (Doc. 35). Therefore, the plaintiffs asked for permission to file an amended responsive pleading that would <u>replace</u> the original responsive pleading (Doc. 35). The Court granted the plaintiffs' motion and the plaintiffs' filed their amended responsive pleading on April 1, 2013 (Doc. 37). Accordingly, the only responsive pleading before the Court is the amended responsive pleading (Doc. 37). BIPI filed a reply brief, stating exceptional circumstances, on April 11, 2013 (Doc. 38). The reply brief indicates that BIPI is withdrawing its motion to dismiss as to certain claims and is withdrawing two of its motion to strike arguments. It further contends that the plaintiffs have abandoned certain claims. Finally, in August 2013, the Court directed the plaintiffs to file supplemental briefing for the purpose of clarifying jurisdictional facts (Doc. 39, 40, 41, 42).

In its initial motion to dismiss and/or strike, BIPI contends that the plaintiffs' claims for Failure to Warn (First Cause of Action), Strict Products Liability – Design Defect (Second Cause of Action), Negligence (Third Cause of Action), Breach of Implied Warranty (Fourth Cause of Action), Breach of Express Warranty (Fifth Cause of Action), Negligent Misrepresentation (Sixth Cause of Action), Fraud by Concealment (Seventh Cause of Action), Deceit by Concealment

– California Civil Code Sections 1709 and 1710 (Eighth Cause of Action), Violation of California Business & Professions Code Section 17200 (Ninth Cause of Action), Violation of California Business & Professions Code Section 17500 (Tenth Cause of Action), Violation of California Civil Code Section 1750 (Eleventh Cause of Action), and Loss of Consortium (Twelfth Cause of Action) fail to state a claim for relief under the applicable legal standards and are barred as a matter of law. BIPI further moves to dismiss the plaintiffs' punitive damages claim, the loss of consortium plaintiffs' claims, as well as the claims of the Tennessee and Louisiana plaintiffs under their respective state laws and statutes.

Additionally, BIPI asks the Court for an Order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, striking all allegations that BIPI failed to warn "plaintiff" or the "public," all fraud on the FDA claims, and any alleged violations of the Food, Drug and Cosmetic Act as immaterial and barred as a matter of law.

Finally, in its reply brief, BIPI informed the Court as follows:

> BIPI withdraws its challenge to Cause of Action 1 (Failure to Warn) as to all Plaintiffs; Cause of Action 2 (Design Defect) as to Tennessee and Louisiana Plaintiffs; Cause of Action 3 (Negligence) as to Tennessee and California Plaintiffs; Count 4 (Breach of Implied Warranty) as to Tennessee Plaintiffs; Count 5 as to all Plaintiffs; Counts 9-10 as to California Plaintiffs. BIPI further withdraws the first two arguments in its Motion to Strike. Also, in light of this Court's recent ruling in *Hale v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 44270, 29-30 (S.D. Ill. Mar. 28, 2013), BIPI withdraws its statute of limitations challenge at this time. The consortium claims (Cause of Action 12) stand only to the extent of their spouses' viable claims.

(Doc. 38 p. 2 n.1).

The Court has reviewed BIPI's motion to dismiss and/or strike (Doc. 17), the plaintiffs' amended responsive pleading (Doc. 37), BIPI's reply (Doc. 38), and the plaintiffs' supplemental briefing regarding citizenship (Doc. 40, Doc. 42). For the reasons discussed herein, BIPI's motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

### A. Procedural Background

This multi-plaintiff action was originally filed in the Superior Court of the State of California for the County of San Francisco (Doc. 1-1). The plaintiffs' state court complaint directed claims against various entities allegedly involved in the development, sale, manufacture, promotion, and/or distribution of the prescription pharmaceutical Pradaxa. One of the defendants, BIPI, removed the action to the United States District Court for the Northern District of California on the basis of diversity jurisdiction (Doc. 1). Thereafter, the Judicial Panel on Multidistrict Litigation transferred the action to this Court for inclusion in MDL 2385.

In its notice of removal, BIPI argued that complete diversity was present because the two nondiverse defendants, Boehringer Ingelheim Fremont, Inc. ("BIF") and McKesson Corporation ("McKesson") (both citizens of California) were fraudulently joined (Doc. 1). The plaintiffs moved to remand (Doc. 14). On February 22, 2013, the Court reviewed the issue of fraudulent joinder and

concluded that BIF and McKesson had been fraudulently joined. Accordingly, the Court dismissed the non-diverse defendants and denied the plaintiffs' motion to remand.

**B. The Plaintiffs**

The caption of the complaint identifies only five plaintiffs: Thelma Butner, Clifton Fitzsimmons, John Wilchinski, George Fletcher, and Pauline Aldridge. However, the body of the complaint asserts consortium claims on behalf of four of the named plaintiffs' spouses: Jennifer Ruth Fitzsimmons, Judy Wilchinski, Charles Aldridge, and Marvin Butner. The plaintiffs and the spouses identified in the body of the complaint are citizens of Tennessee (Clifton Fitzsimmons, Jennifer Ruth Fitzsimmons, John Wilchinski, Judy Wilchinski, and George Fletcher), Louisiana (Pauline Aldridge and Charles Aldridge), and California (Thelma Butner and Marvin Butner) (Doc. 42).

The named plaintiffs are in no way connected – each received medication prescribed at different times, by different doctors, and in different locations (Doc. 40, Doc. 42). The Tennessee and Louisiana plaintiffs have no connection with California (the forum). With respect to each plaintiff, potentially relevant plaintiff-specific choice-of-law factors (e.g., where Pradaxa was prescribed and purchased, location of prescribing physician, location of injury, and location of treatment) occurred in the plaintiff's state of citizenship (Doc. 40; Doc. 42).

### III. PRELIMINARY MATTERS

#### A. Correction of Caption

As noted above, in the body of the complaint, though not in the caption, the plaintiffs Thelma Butner, Clifton Fitzsimmons, John Wilchinski, George Fletcher, and Pauline Aldridge assert claims on behalf of their spouses. Naming a plaintiff in the body of a complaint but not in the caption violates Rule 10(a) of the Federal Rules of Civil Procedure.

For the purpose of clarity, the Court is **ORDERING** the plaintiffs to file an amended complaint, correcting the technical errors in the caption, within 7 days of the filing of this Order.

#### B. Allegations as to Improper Removal

In their statement of facts, the plaintiffs state that the action was improperly removed from California State Court (Doc. 37 p. 3 n.1). This Court has already ruled on the issue of removal and fraudulent joinder. The Court found that the non-diverse defendants were fraudulently joined and concluded that removal was proper (Doc. 31).

## C. Controlling Law

### 1. Procedural and Substantive Law

In assessing the motion to dismiss, the Court applies state substantive law and federal procedural law. *See Erie R.R. Co. v. Tomplins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

### 2. Controlling State Law

As a preliminary matter, the Court must determine which state's law applies to each plaintiff's claims.

BIPI contends the claims of (1) Clifton Fitzsimmons, Jennifer Ruth Fitzsimmons, John Wilchinski, Judy Wilchinski, and George Fletcher (the "Tennessee Plaintiffs") are governed by Tennessee law; (2) Pauline and Charles Aldridge (the "Louisiana Plaintiffs") are governed by Louisiana law; and (3) Thelma and Marvin Butner (the "California Plaintiffs") are governed by California law. BIPI's contention is based on the following: There are significant conflicts between the relevant foreign laws and the law of the forum; the Tennessee and Louisiana plaintiffs have no connection with California (the forum); and the relevant plaintiff-specific choice-of-law factors (e.g., where Pradaxa was prescribed and purchased, location of prescribing physician, location of injury, and location of treatment) occurred in each plaintiff's state of citizenship (Doc. 40; Doc. 42).

The plaintiffs seem to contend that California law should apply to all of the plaintiffs' claims. The following is a relevant excerpt from the plaintiffs' briefing:

> Defendants cannot choose which laws will apply to certain Plaintiffs. It is an unnecessary expenditure of time and judicial resources since applying different state laws would require educating the jury on the relevant underlying theories of law and the applicable laws of three different states. It is evident that both the parties and the Court stands to conserve significant resources and can avoid duplication of efforts if the case proceeds as is, under California law only.
>
> As much as Defendants may complain, there is no disputing that one of the Plaintiffs, Thelma Butner, is absolutely a California resident. The remaining Plaintiffs were included because their injuries were similar, as were the allegations against the Defendants. Therefore, California Superior Court was selected as an appropriate venue.

(Doc. 37 p. 11). The plaintiffs' argument is hardly the bedrock of sound legal reasoning. As the Court has previously explained to the plaintiffs, in this case, choice of law is governed by California choice of law principles.[1] Considering those principles it is clear that BIPI is correct. Tennessee law applies to the claims of the Tennessee Plaintiffs, Louisiana law applies to the claims of the Louisiana plaintiffs, and California law applies to the claims of the California plaintiffs.

---

[1] On February 22, 2013, the Court addressed the plaintiffs' motion to remand. In that order the Court explained the steps for conducting a choice of law analysis in the instant case. The Court specifically noted that California's governmental interest approach would govern and discussed the relevant principles associated with California's governmental interest approach. *See In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation,* 2013 WL 656822, *1 (S. D. Ill. 2013) (Herndon, C.J.). *Id.* at *1-*2. The Court also addressed issues pertaining to the law that governs procedural and substantive issues. In addition, the Court addressed its rules with regard to citing district court opinions. *Id.* at 2. It seems that plaintiffs' counsel failed to consider the Court's guidance on any of these issues.

### IV. MOTION TO DISMISS – LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan u. Fraternal Order of Police Chicago Lodge 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. u. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' " *Tamayo u. Blagojeuich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted).

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir.2007).

With these principles in mind, the Court turns to analyzing the plaintiffs' complaint.

## V. MOTION TO DISMISS - ANALYSIS

### A. Abandoned Claims

In its Motion to Dismiss, BIPI moved to dismiss, *inter alia*, the following:

- Count 6: Negligent Misrepresentation. (Doc. 17 at pp. 19-20)
- Count 7: Fraud by Concealment. (*Id.*)
- Count 8: Deceit by Concealment. (*Id.*)
- Count 11: Violation of Cal. Civ. Code § 1750 (*Id.* at pp. 1-2)
- Punitive Damages. (*Id.* at 22-23.)

In their Amended Opposition, the plaintiffs do not respond to BIPI's request for dismissal as to these claims. Accordingly, BIPI contends, these claims have been abandoned. The Court agrees. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (waiver rule applies "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir. 2005) (claim waived where Plaintiff "did not present legal arguments or cite relevant authority . . . in responding to defendants' motion to dismiss or in his own Rule 59(e) motion to alter or amend the judgment).

**Therefore, Counts 6, 7, 8, and 11 are DISMISSED. Any requests for punitive damages are likewise DISMISSED.**

**B.   Motion to Dismiss Count 1 (Failure to Warn) and Count 5 (Express Warranty) Withdrawn as to All Plaintiffs**

BIPI withdraws its challenge to Count 1 (Failure to Warn) and Count 5 (Express Warranty) as to all Plaintiffs (Doc. 38 p. 2 n.1). Accordingly, Count 1 (Failure to Warn) and Count 5 (Express Warranty) are no longer in issue.

**C.  Remaining Claims**

**1.  Louisiana Plaintiffs (Pauline Aldridge and Charles Aldridge)**

**a.  Motion to Dismiss Count 2 (Design Defect) is Withdrawn as to Louisiana Plaintiffs**

As to the Louisiana plaintiffs, BIPI withdraws its motion to dismiss Count 2 (Design Defect) (Doc. 38 p. 2 n.1). Accordingly, this claim is no longer in issue.

**b. Exclusivity of the LPLA and Non-Cognizable LPLA Claims**

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." La.Rev.Stat. Ann. § 9:2800.52. "A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." *Id*. (emphasis added). *See also Stahl v. Novartis Pharms. Corp*., 283 F.3d 354, 261 (5th Cir. 2002) (non-LPLA causes of action are not available against the manufacturer of a product for damages caused by that product).

The claims for Negligence and Breach of Implied Warranty are not cognizable under the LPLA and therefore must be dismissed. *See In re Pradaxa*

*(Dabigatran Etexilate) Products Liability Litigation*, 2013 WL 3791509, 6-9 (S.D. Ill. July 18, 2013) (Herndon, C.J.).

**Accordingly, as to the Louisiana plaintiffs, Count 3 (Negligence) and Count 4 (Breach of Implied Warranty) are DISMISSED With Prejudice.**

    **c. Violations of California Business & Professions Code § 17200 (Count 9) and § 17500 (Count 10)**

As noted above, the Louisiana plaintiffs' claims are governed by Louisiana law and not California law.

**Accordingly, as to the Louisiana plaintiffs Count 9 (California Business & Professions Code § 17200) and Count 10 (California Business and Professions Code § 17500) are dismissed WITH PREJUDICE.**

**2. Tennessee Plaintiffs (Clifton Fitzsimmons, Jennifer Ruth Fitzsimmons, John Wilchinski, Judy Wilchinski, and George Fletcher)**

    **a. Motion to Dismiss Count 2 (Design Defect), Count 3 (negligence) and Count 4 (Breach of Implied Warranty) is Withdrawn as to Tennessee Plaintiffs**

As to the Tennessee plaintiffs, BIPI withdraws its motion to dismiss Count 2 (Design Defect), Count 3 (negligence) and Count 4 (Breach of Implied Warranty) (Doc. 38 p. 2 n.1). Accordingly, these claims are no longer in issue. BIPI has also withdrawn its statute of limitations argument (at this time) as to the Tennessee plaintiffs (Doc. 38 p. 2 n.1).

      **b. Violations of California Business & Professions Code § 17200 (Count 9) and § 17500 (Count 10)**

As noted above, the Tennessee plaintiffs' claims are governed by Tennessee law and not California law.

**Accordingly, as to the Tennessee plaintiffs, Count 9 (California Business & Professions Code § 17200) and Count 10 (California Business and Professions Code § 17500) are dismissed WITH PREJUDICE.**

    **3. California Plaintiffs (Thelma Butner and Marvin Butner)**

      **a. Motion to Dismiss Count 3 (Negligence), Count 9 (California Business & Professions Code § 17200) and Count 10 (California Business and Professions Code § 17500) are Withdrawn as to the California Plaintiffs**

As to the California plaintiffs, BIPI withdraws its motion to dismiss Count 3 (Negligence), Count 9 (California Business & Professions Code § 17200), and Count 10 (California Business and Professions Code § 17500) (Doc. 38 p. 2 n.1). Accordingly, these claims are no longer in issue.

      **b. Count 2 - Design Defect**

The plaintiffs' third cause of action alleges strict liability under a design defect theory. However, the California Supreme Court has held that a manufacturer of prescription drugs is exempt from strict liability claims premised on design defect. *Brown v. Superior Court*, 44 Cal.3d 1049, 1061, 245 Cal.Rptr. 412, 751 P.2d 470 (1988) ("[A] drug manufacturer's liability for a defectively designed drug should not be measured by the standards of strict liability[.]");

*Anderson v. Owens–Corning Fiberglas Corp.*, 53 Cal.3d 987, 995, 281 Cal.Rptr. 528, 810 P.2d 549 (1991) ("[A] manufacturer of prescription drugs is exempt from strict liability for defects in design[.]").

**Accordingly, as to the California plaintiffs, Count 2 (Strict Product Liability – Design Defect) is DISMISSED WITH PREJUDICE.**

### c. Count 4 – Breach of Implied Warranty

BIPI contends that California law requires privity between the parties for implied warranty and that privity does not exist in the prescription pharmaceutical context (Doc. 17 p. 19). Accordingly, BIPI argues, the plaintiffs' claim for breach of implied warranty is not legally viable (Doc. 17 p. 19). The plaintiffs respond arguing under *Evraets v. Intermedics Intraocular, Inc.* 29 Cal.App.4th 779, 34 Cal.Rptr.2d 852 (1994), privity is not a requirement for actions based on *express* warranty.

The California Appellate Court in *Evraets* did note that California case law generally has abolished the requirement of privity for express warranty claims. *Evraets*, 29 Cal.App.4th at 789 n. 4, 34 Cal.Rptr.2d 852 (*citing Seely v. White Motor Co.*, 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965) and *Rodrigues v. Campbell Industries*, 87 Cal.App.3d 494, 151 Cal.Rptr. 90 (1978)). However, as to implied warranty, the court in *Evraets* concluded lack of privity was fatal. In so holding, the court stated as follows:

> Evraets did not rely on [the defendants'] judgment that an intraocular device was appropriate for him. Rather, he relied upon his physician's skill or judgment to select or furnish a suitable product. Thus, Evraets cannot sue the manufacturers, suppliers or distributors of the lens on an implied warranty of fitness theory.

29 Cal.App.4th at 788, 34 Cal.Rptr.2d 852.

Considering the above, it appears that BIPI is correct. Under California law, privity between the patient and the manufacturer of a pharmaceutical product is a necessary component of breach of implied warranty claims. *See also Blanco v. Baxter Healthcare Corp*., 158 Cal.App.4th 1039, 1058-59, 70 Cal.Rptr.3d 566 (2008). It further appears that under California law, in the context of prescription pharmaceuticals, the transaction is between the manufacturer and the physician, not the patient. Therefore, the plaintiffs cannot maintain claims based on breach of implied warranty.

**Accordingly, as to the California plaintiffs, Count 4 (Breach of Implied Warranty) is DISMISSED WITH PREJUDICE.**

### VI.  MOTION TO STRIKE – ANALYSIS

A.  **Legal Standard**

BIPI has also moved to strike certain allegations in the plaintiffs' complaint under Federal Rule of Civil Procedure 12(f). Federal Rule of Civil Procedure 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. It is, of course, "the general rule that motions to strike are disfavored. This is because motions to

strike potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989).[2]

**B. Motion to Strike Certain Allegations Withdrawn**

BIPI's motion to strike is divided into three sections (in the following order): (1) Allegations that BIPI failed to warn the plaintiff or the public; (2) allegations that BIPI made misrepresentations to the FDA (fraud on the FDA); and (3) allegations that BIPI violated the Food, Drug and Cosmetic Act. In its reply brief, BIPI states that it is withdrawing "the first two arguments in its Motion to Strike" (Doc. 38 p. 2 n.1). The Court concludes this means BIPI is withdrawing its motion to strike as to the first two sections of its motion to strike: (1) Allegations that BIPI failed to warn the plaintiff or the public and (2) allegations that BIPI made misrepresentations to the FDA (fraud on the FDA) (it would have been helpful for BIPI to expressly identify the arguments it intended to withdraw).[3]

Accordingly, these two issues are no longer before the Court.

**C. Motion to Strike all Claims Based on Alleged Violations of the Food, drug, and Cosmetic Act**

---

[2] In their amended response, the plaintiffs cite to California civil procedure rules and California state court cases in relation to the motion to strike (Doc. 37 pp. 11-12). These state court rules are wholly inapplicable here.

[3] The Court notes that BIPI also contends, in its reply brief, that the plaintiffs have abandoned any "fraud on the FDA" claims (Doc. 38 p. 3). This is not consistent with BIPI's following claim that it is withdrawing the "first two arguments" in its motion to strike. The Court will not attempt to resolve the discrepancy for BIPI. For the time being, the Court presumes that BIPI intended to withdraw is motion to strike these allegations.

The plaintiffs make various allegations relating to alleged violations of the federal and state Food, Drug and Cosmetic Acts. BIPI contends that any such claims are barred because there is no private cause of action under the FDCA (Doc. 17 p. 26). The plaintiffs disagree citing to *Wyeth v. Levine*, 555 U.S. 555, 129 S.Ct. 1187, 173 L.Ed.2d 51 (2009) (Doc. 37 p. 13).

BIPI is correct, there is no private cause of action under the FDCA. *See* 21 U.S.C. § 337(a). However, this fact does not necessarily require striking allegations related to alleged violations of the FDCA. Although there is no private cause of action under the FDCA, the plaintiff has not brought suit directly under the FDCA or its accompanying regulations. Instead, the plaintiff has asserted independent state law claims. The references to alleged FDCA violations appear to be offered to establish the standard or duty that BIPI allegedly failed to meet in relation to those independent state law claims. BIPI has not cited to any authority demonstrating that the plaintiffs are prohibited from referencing alleged FDCA violations to (for instance) merely establish the standard or duty which BIPI allegedly failed to meet.

Accordingly, the motion to strike allegations relating to alleged violations of the FDCA is DENIED.

## VII. CONCLUSION

For the reasons discussed herein, BIPI's motion to dismiss and/or strike is DENIED in part and GRANTED in part. In summary, the Court ORDERS as FOLLOWS:

- ALL PLAINTIFFS: Count 6 (Negligent Misrepresentation), Count 7 (Fraud by Concealment), Count 8 (Deceit by Concealment), Count 11 (Violation of Cal. Civ. Code § 1750), and any requests for punitive damages are DISMISSED as to ALL PLAINTIFFS (the plaintiffs do not respond to BIPI's request for dismissal as to these claims and these claims are deemed abandoned).

- LOUISIANA PLAINTIFFS: Count 3 (Negligence), Count 4 (Breach of Implied Warranty), Count 9 (California Business & Professions Code § 17200), and Count 10 (California Business and Professions Code § 17500) are DISMISSED WITH PREJUDICE as to the LOUISIANA PLAINTIFFS.

- TENNESSEE PLAINTIFFS: Count 9 (California Business & Professions Code § 17200) and Count 10 (California Business and Professions Code § 17500) are dismissed WITH PREJUDICE as to the TENNESSEE PLAINTIFFS.

- CALIFORNIA PLAINTIFFS: Count 2 (Strict Product Liability – Design Defect) and Count 4 (Breach of Implied Warranty) are DISMISSED WITH PREJUDICE as to the CALIFORNIA PLAINTIFFS.

- Count 12 (Loss of Consortium) stands only to the extent of the spouses viable claims.

- The motion to strike allegations relating to alleged violations of the FDCA is DENIED.

- WITHDRAWN ARGUMENTS: BIPI withdrew its motion to dismiss the following: Count 1 (Failure to Warn) and Count 5 (Breach of Express Warranty) as to ALL PLAINTIFFS; Count 2 (Design Defect) as to the Louisiana and Tennessee plaintiffs; Count 3 (Negligence) as to the California and Tennessee plaintiffs; Count 4 (Implied Warranty) as to the Tennessee plaintiffs; Count 9 (California Business & Professions Code § 17200) as to the California plaintiffs; and Count 10 (California Business and Professions Code § 17500) as to the California plaintiffs. In addition, BIPI withdrew its motion to strike as to (1) allegations that BIPI failed to warn the plaintiffs or the public and (2) allegations that BIPI made misrepresentations to the FDA (committed fraud on the FDA).

SO ORDERED:

David R. Herndon
2014.01.11
06:16:49 -06'00'

**Chief Judge**  
**United States District Court**

Date:  January 11, 2014